# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ARISA BURGEST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOARD OF REGENTS OF THE )<br>UNIVERSITY SYSTEM OF )<br>GEORGIA, and EDWARD B. )<br>JOLLEY, JR., in his individual )<br>capacity, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 4:19-CV-00335-RSB-CLR |

## **RULE 26(f) REPORT**

The attorney(s) and/or unrepresented parties listed below certify that:

(1) they have read the Court's Rule 26 Instruction Order entered in this case;

(2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

(3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Conference:

*Rule 26(f) Conference was held on February 13, 2020.*

Parties or counsel who participated in the conference were: *Abda Lee Quillian for Plaintiff and Kimberly B. Lewis for Defendants.*

I.  **INITIAL MATTERS:**

   A.  **Jurisdiction and Venue**

   *Defendants do not contest jurisdiction and venue.*

   B.  **Immunity**

   *The Defendants will not raise an immunity defense.*

   C.  **Stay of Discovery Due to Motion to Dismiss, Transfer or Remand**

   If a motion to dismiss, transfer or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue will be necessary to resolve the motion.

   Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

   | | |
   |---|---|
   | *Last day for filing motions or add or join parties or amend pleadings* | *July 30, 2020.* |
   | *Last day to furnish expert witness Reports and disclosures by plaintiff* | *60 days after Rule 26(f) conference.* |
   | *Last day to furnish expert witness Reports and disclosures by defendant* | *90 days after Rule 26(f) conference (or 60 days after The answer, whichever is later).* |
   | *Last day to file motions* | *30 days after close of discovery.* |

II. **SETTLEMENT:**

    A. **Settlement Efforts to Date**

The parties state:

*The parties have not yet taken any efforts to resolve this dispute.*

    B. **Early Settlement Discussion**

Counsel certify that, as required by Rule 26(f) Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and;

The parties will not be prepared to discuss settlement until: *After initial depositions.*

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

III. **INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

    A. **Initial Disclosures**

Rule 26(a)(1) Disclosures: *Have been completed.*

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) day of the parties; Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why: *Not applicable.*

    B: **Scheduling Conference**

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily,

the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state below:

*Not applicable.*

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

*Not applicable.*

### IV. DISCOVERY

Discovery will proceed more effectively and efficiently if the parties address discovery to the following sequential order:

(1) Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under the Federal Rule of Civil Procedure 45(d)(2);

(2) Conducting discovery depositions of fact witnesses who have not been designated as experts;

(3) Making all expert disclosures; and

(4) Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

*Not applicable.*

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants names in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

*Not applicable.*

### A.     Fact-Based Written Discovery, Inspections and Examinations

A.i.   Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by:

*140 days from the date Defendant filed its Answer..*

A.ii.  The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party is: *Not applicable.*

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

A.iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? *No.*

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during the fact-based discovery.

A.iv.  Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? *No.*

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during the fact-based discovery.

**B.     Depositions of Non-Expert Witnesses**

i. Discovery depositions of witnesses who have not been designated as experts will be completed by: *May 29, 2020.*

ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: *Unknown at this time.*

If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(I), please state why: *The parties do not believe that there will be a need for more than 10 depositions.*

iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1) except the depositions of:

which, by agreement, shall be limited as follows:

**C.     Expert Discovery**

i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?  *No.*

ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses?

iii. Plaintiff(s) shall serve any any all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(C) by: *Not applicable.*

iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by:

    v.    The parties shall conduct and any all discovery depositions of witnesses who have been designated as experts by: *Per the schedule as set forth herein.*

    vi.    If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

### D.    Agreed Discovery Procedures

    i.    <u>Unique Circumstances</u>

Are there any facts or circumstances unique to this cause that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them: *Not applicable.*

    ii.    <u>Phased Discovery</u>

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal: *Not applicable.*

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of fact at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

### E.    Third-Party Discovery

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? *No.*

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate

in the scheduling conference.

### F. Electronically Stored Information

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

i. Do the parties anticipate any disagreements about electronic discovery? *No.* If so, please explain:

ii. Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? *No.* If so, please explain:

iii. Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? *No.* If so, please explain:

### G. Privileged, Protected, and/or Confidential Communications and Information

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality or protection?

*The parties do not anticipate a problem regarding the procedures for asserting claims of privilege, confidentiality or protection.*

If so, please briefly describe such agreement:

ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have

        memorialized in the Scheduling Order? *No.*

        If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

*The parties anticipate that discovery may lead to information or documents which contain personal property. Accordingly, the parties intend to file a Consent Motion for Protective Order and also anticipate that additional time may be required to allow for review of discovery by counsel for Defendants to ensure compliance with FERPA and any other applicable laws.*

*Further, to the extent that Plaintiff requests searches of Defendants' email servers, Plaintiff will also provide a list of search items to be used in conducting searches. Plaintiff also agrees to limit the scope of email searches by date and receipt/sender. The parties agree to enter into a "claw back" agreement order pursuant to Fed. R. of Evidence 502(d) to protect against inadvertent waiver of applicable evidentiary privileges.*

    iii.    Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement? *None at this time.*

        If so, please explain:

**H.**    **Protected Health Information**

    i.    Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIAA) and/or any state or federal privilege or protection for health information?

    *Defendant will be seeking the Plaintiff to sign a medical waiver to seek medical information of Plaintiff that is at issue.*

    ii.    Has any individual who protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected heath information directly

        from health care providers? *No.*

   iii     Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information? *No.*

   iv.    Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? *No.*

        If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

   v.     Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? *No.*

        If so, explain:

## V. MOTIONS

### A. Motions to Amend the Pleadings or to Add Parties

   A.i.     The Plaintiff(s)

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by: *60 days after the issue is joined.*

   A.ii.    The Defendant(s)

        anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by *60 days after the issue is joined.*

        If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate: *Not applicable.*

A.iii. By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

*Not applicable.*

**B.     Civil Motions (Except Motions in Limine)**

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in liming), shall be filed by: *60 days after issue is joined.*

If any party is requesting a deadline to file motions (other than motions in liming) more than (30) days after the deadline to complete discovery, please state the reason why such time is necessary: *Not applicable.*

**VII.   ADDITIONAL MATTERS**

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1] *Not applicable.*

---

[1] The parties need not to include any trial-related matters in this statement. Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements. After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case. That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in liming and the joint proposed pretrial order.

Dated:   March 18, 2020.

        QUILLIAN AND ASSOCIATES

        */s/ Abda Lee Quillian*
        Abda Lee Quillian
        Georgia Bar No. 590090
        *Attorney for Plaintiff*

Post Office Box 10204
Savannah, GA 31412
(912) 332-9453 Telephone
(912) 234-9700 Facsimile
alqlaw@yahoo.com

        OFFICE OF THE ATTORNEY GENERAL
        */s/ Kimberly B. Lewis*
        Kimberly B. Lewis
        Senior Assistant Attorney General
        Georgia Bar No. 451925

        */s/ Bryan K. Webb*
        Bryan K. Webb
        Georgia Bar No. 743580
        *Attorneys for Defendant*

40 Capitol Square, S.W.
Atlanta, GA 31334-1300
(404) 656-4935 Telephone
(404) 657-9932 Facsimile