IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ARISA BURGEST,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA; and EDWARD B. JOLLEY, JR., in his individual capacity,<br><br>    Defendants. | CIVIL ACTION NO.: 4:19-cv-335 |

**O R D E R**

This action arises out of the harassment and gender discrimination allegedly suffered by Plaintiff Arisa Burgest while she worked at Savannah State University and at another unnamed institution.  (See doc. 1.)  Plaintiff sued the Board of Regents of the University System of Georgia and Edward B. Jolley, Jr. (in his individual capacity) for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII").  (Id. at p. 1.)  Before the Court is the Board of Regents of the University System of Georgia ("Board of Regents") and Edward B. Jolley, Jr.'s Motion for Judgment on the Pleadings.  (Doc. 17.)  Defendants argue that judgment on the pleadings is appropriate because Plaintiff filed her Complaint after the applicable statute of limitations period had expired.  (Doc. 17-1, pp. 3–8.)  Defendants also assert that judgment on the pleadings is appropriate as to Jolley because Title VII does not provide a cause of action against him in his individual capacity.  (Id. at pp. 8–9.)  For the following reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings.  (Doc. 17.)

## BACKGROUND

Because this matter is before the Court on a motion for judgment on the pleadings, the Court accepts all well-pleaded facts in the Complaint as true and draws all reasonable inferences in favor of the non-movant. Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996).

According to her Complaint, Plaintiff, who is female, began working at Savannah State University ("SSU") in 2005. (Doc. 1, pp. 1–2.) While at SSU, Plaintiff worked under "Vice President Edward B. Jolley." (Id. at p. 2.) Plaintiff alleges that she was in a position to be promoted several times at SSU, but "she was passed over while male individuals were given the promotion[s]." (Id.) Plaintiff also asserts that she was "required to perform the duties of . . . supervisory employees" but she was not paid a "salary commensurate with her functions." (Id.) In addition, her Complaint states that she "complained [multiple times] to Defendant Jolley of incidents where she was harassed and treated differently from male employees." (Id. at p. 3.) She implies that she notified other unspecified supervisors (on other unspecified occasions) that she "was subjected to such conduct," but "every time she brought this to their attention she was ignored, belittled, harassed and retaliated against for her conduct." (Id.) She also specifically alleges that she "endured having her professional reputation slandered by male employees of the Defendant to include Defendant Jolley." (Id.) Plaintiff eventually resigned from SSU on March 20, 2017. (Id. at p. 2.) Finally, the Complaint states that Plaintiff "relocate[d] to another campus within the Board of Regents" but "she continued to experience discrimination[] in the terms and conditions of her employment." (Id. at p. 3.)

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("E.E.O.C.") and received a right to sue notice on November 21, 2017.[1] (Doc. 17-2, p. 8.) Plaintiff then filed

---

[1] Defendants attach several documents to their Motion for Judgment on the Pleadings. (Doc. 17-2; doc. 17-3.) Exhibit A to the Motion contains a copy of a complaint filed by Plaintiff in this Court in 2018

2

an action in federal district court on February 20, 2018[2] against the Board of Regents and Jolley alleging violations of Title VII on the basis of gender.  (Id. at pp. 1–9.)  Plaintiff and both Defendants subsequently filed a Stipulation of Dismissal without Prejudice, and the district court dismissed the action on July 29, 2019.  (Doc. 17-3, pp. 1–3.)  Plaintiff then filed her Complaint initiating the present action on December 11, 2019.  (Doc. 1.)  Defendants filed a Motion for Judgment on the Pleadings, (doc. 17.), and Plaintiff's counsel filed a Response, (doc. 21).[3]

---

(hereinafter, the "2018 complaint" and the "2018 suit") along with a copy of a right-to-sue notice from the E.E.O.C. that Plaintiff included with her 2018 complaint. (Doc. 17-2.) Exhibit B is a copy of a Stipulation of Dismissal without Prejudice filed by counsel for all parties to the 2018 suit along with the Court's Order dismissing the 2018 suit and closing the case. (Doc. 17-3.) The Federal Rules of Civil Procedure provide that, if "matters outside the pleadings are presented to and not excluded by the court[,]" then a Rule 12(c) motion for judgment on the pleadings must be treated as a motion "for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, a document attached to a motion for judgment on the pleadings "may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." Id. Additionally, the Court may take judicial notice of public records, such as pleadings and orders from prior cases. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006); Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (finding consideration of exhibits attached to motion to dismiss, including E.E.O.C. right-to-sue letter, proper because they were central to plaintiff's claims and were undisputed and also finding that the court could take judicial notice of documents because they were filed in plaintiff's prior civil case). Here, the E.E.O.C.'s right-to-sue notice deals with the same underlying facts as Plaintiff's Complaint and it, along with the 2018 complaint to which it was attached, was filed in a prior case filed in this Court. Likewise, the Stipulation of Dismissal without Prejudice and the Order dismissing and closing the case are from the 2018 lawsuit in this Court, which dealt with the same facts as this case. See Burgest v. Board of Regents, et al., No. 4:18-cv-33, doc. 24 (S.D. Ga. July 24, 2019); id. at doc. 25 (July 29, 2019). In addition, no party challenges the authenticity of any of these documents. Thus, the Court will consider these documents alongside the allegations in the Complaint, (doc. 1), and Defendants' responses in their Answer, (doc. 5).

[2] Plaintiff, who appears to have been proceeding *pro se* when she filed the 2018 complaint against Defendants, signed her complaint with the date "2/20/17." (Doc. 17-2, p. 9.) However, this date appears to be a typographical error because it would mean that Plaintiff drafted and signed her first complaint before she received her right to sue notice. In addition, the 2018 complaint was docketed on February 20, 2018, and the case was assigned a civil action number indicating it was filed in the year 2018 (4:*18*-cv-33). Finally, the "Transaction Date" on the receipt from the Clerk of Court for the filing fee is "02/20/2018." (Id. at p. 13.) For these reasons, the Court finds that Plaintiff filed her 2018 complaint on February 20, 2018.

[3] Although she is represented by counsel, Plaintiff also filed a *pro se* response titled "Plaintiff's Opposition to Defendant's Motion to Dismiss" arguing that her Complaint is not time-barred. (Doc. 22.) Southern District of Georgia Local Rule 11.3 states that "[a] party represented by counsel may not file any motion,

3

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Attorney's Off. for Escambia Cty., 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotation and citation omitted). To decide a motion for judgment on the pleadings, a court "may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE - CIVIL § 12.38 (2018); see Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v. Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013). Therefore, the Court must "accept as true all material facts alleged in the non-moving party's pleading, and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo, N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) only if "it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002); see also King v. Akima Glob. Servs., LLC, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam).

---

brief, or other paper *pro se* absent prior leave of court." Plaintiff did not seek leave from the Court before filing her response, so the Court will not consider her response. See, e.g., U.S. v. Miller, 432 F. App'x 955, 961 (11th Cir. 2011) (per curiam) ("It is undisputed that [the party] was represented by counsel when he filed his *pro se* . . . motion. Accordingly, the district court properly struck his motion pursuant to its local rules.").

4

**DISCUSSION**

Defendants argue that Plaintiff's claims are time-barred under the applicable statute of limitations. (Doc. 17-1, pp. 4–8.) They also assert that judgment on the pleadings is appropriate as to Plaintiff's claims against Jolley because Title VII does not provide a cause of action against employees in their individual capacity. (Id. at pp. 8–9.) Plaintiff's counsel filed a two-paragraph Response, stating that Defendants' arguments are "fatal to Plaintiff's claims herein." (Doc. 21, p. 2.) However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Accordingly, the Court will address Defendants' arguments in turn

**I.   Statute of Limitations**

In their Motion, Defendants argue that Plaintiff's claims are time-barred. (Doc. 17-1, pp. 4–8.) "Title VII of the Civil Rights Act of 1964 requires that suit be brought within 90 days after receipt of notice of right to sue." Stallworth v. Wells Fargo Armored Servs Corp., 936 F.2d 522, 524 (11th Cir. 1991) (citing 42 U.S.C. § 2000e-5(f)(1)). Here the record shows that Plaintiff received her right to sue notice on November 21, 2017. (Doc. 17-2, pp. 8, 11–12.) However, Plaintiff did not file her Complaint initiating this action until December 11, 2019, more than two years after receiving her right to sue notice. (Doc. 1.) Thus, Plaintiff filed her Complaint outside the time required by Title VII.

The fact that Plaintiff filed a previous action against Defendant alleging violations of Title VII does not save her claims here. It is true that Georgia law provides in part that:

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the

> original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a). Plaintiff filed her 2018 complaint asserting Title VII claims against both Defendants in federal court on February 20, 2018, (doc. 17-2, pp. 1–10), which was within the 90-day time period prescribed by statute. Plaintiff then filed the operative Complaint in this action less than six months after the original action was dismissed. (Doc. 17-3, p. 3; doc. 1.) However, "[w]hen Congress has provided a federal statute of limitation for a federal claim, . . . state tolling and saving provisions are not applicable." Sampson v. AT&T Corp., 11 F. Supp. 2d 1380, 1382 (N.D. Ga. 1998) (quoting Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir. 1991), *abrogated on other grounds by* Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).

For example, in Miller v. Georgia, the plaintiff brought claims under Title VII and various other federal antidiscrimination laws. 223 F. App'x 842, 843 (11th Cir. 2007) (per curiam). The plaintiff filed her first complaint within ninety days of receiving her right to sue notice. Id. at 843. The district court dismissed the first complaint without prejudice, and plaintiff filed a second complaint after the ninety-day period expired. Id. The district court ultimately dismissed plaintiff's second complaint as untimely. Id. at 844. On appeal, the plaintiff argued "that the district court erroneously dismissed her complaint because she timely renewed her complaint pursuant to O.C.G.A. § 9–2–61." Id. at 844. The United States Court of Appeals for the Eleventh Circuit rejected this argument, finding that Title VII contains a "specific statute of limitations periods that [plaintiff] failed to satisfy. Thus, the Georgia renewal statute does not save [plaintiff's] instant complaint as to her Title VII . . . claim[] because it was filed beyond the 90-day statute of limitations." Id. at 845; see also Weldon v. Elec. Data Sys. Corp., 138 F. App'x 136, 138 (11th Cir. 2005) (per curiam) ("Title VII contains a statute of limitations[,] . . . [and t]hus

federal law, not the law of Georgia, provides the applicable limitations period."). For these reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings because Plaintiff's Title VII claims are time-barred. (Doc. 17.)

## II.  Plaintiff's Title VII Claim Against Jolley

Defendants also argue that judgment on the pleadings is appropriate as to Jolley because Title VII does not provide a cause of action against Jolley in his individual capacity. The caption of Plaintiff's Complaint makes clear that she is suing Jolley "in his individual capacity" And nothing within the Complaint itself indicates otherwise. (See generally doc. 1.) The Eleventh Circuit has held that "[i]ndividual capacity suits under Title VII are . . . inappropriate" because "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims against Jolley in his individual capacity on the alternative ground that Title VII does not provide a cause of action against him in his individual capacity. (Doc. 17.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants Board of Regents of the University System of Georgia and Edward B. Jolley Jr.'s Motion for Judgment on the Pleadings. (Doc. 17.) The Court **DIRECTS** the Clerk of Court to enter summary judgment in favor of Defendant and to **CLOSE** this case.

**SO ORDERED**, this 29th day of March, 2021.

*/s/ R. Stan Baker*

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA